UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BREAKWATER TRADING LLC, individually and on behalf of all those similarly situated,

                      Plaintiff,

-v-

JPMORGAN CHASE & CO., JP MORGAN CLEARING CORP., JP MORGAN SECURITIES LLC and JOHN DOES 1-25,

                      Defendants.

20 Civ. 3515 (PAE)

OPINION & ORDER

---

JOHN GRACE, individually and on behalf of all those similarly situated,

                      Plaintiff,

-v-

J.P. MORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC and JOHN DOES 1-25,

                      Defendants.

20 Civ. 4523 (PAE)

---

ENDEAVOR TRADING, LLC, individually and on behalf of all those similarly situated,

                      Plaintiff,

-v-

JPMORGAN CHASE & CO., J.P. MORGAN SECURITIES LLC, J.P. MORGAN CLEARING CORP. (now known as J.P. MORGAN SECURITIES LLC), J.P. MORGAN FUTURES INC. (now known as J.P. MORGAN SECURITIES LLC), and JOHN DOES 1-25,

                      Defendants.

20 Civ. 5285 (PAE)

| | |
|---|---|
| ROBERT CHARLES CLASS A, L.P., on Behalf of Itself and All Others Similarly Situated,<br><br>                              Plaintiff,<br>         -v-<br><br>J.P. MORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC), and JOHN DOES 1-50,<br><br>                              Defendants. | 20 Civ. 5298 (PAE) |
| CHARLES HERBERT PROCTOR, III and SYNOVA ASSET MANAGEMENT, LLC, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br>         -v-<br><br>JP MORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC), and JOHN DOES 1-50,<br><br>                              Defendants. | 20 Civ. 5360 (PAE) |
| BUDO TRADING LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br>         -v-<br><br>J.P. MORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC), and JOHN DOES 1-50,<br><br>                              Defendants. | 20 Civ. 5772 (PAE) |

| | |
|---|---|
| THOMAS GRAMATIS, on behalf of himself and all others similarly situated,<br><br>                                    Plaintiff,<br>                    -v-<br><br>J.P. MORGAN CHASE & CO., J.P. MORGAN CLEARING CORP., J.P. MORGAN SECURITIES LLC, J.P. MORGAN FUTURES, INC. (now known as J.P. MORGAN SECURITIES LLC), and JOHN DOES 1-50,<br><br>                                    Defendants. | 20 Civ. 5918 (PAE) |

PAUL A. ENGELMAYER, District Judge:

Before the Court are motions from plaintiffs Breakwater Trading, LLC ("Breakwater"), Endeavor Trading, LLC ("Endeavor"), and John Grace (together, the "Breakwater Plaintiffs") and from plaintiffs Charles Herbert Proctor, III and Synova Asset Management, LLC (together, the "Proctor Plaintiffs") seeking appointment of interim lead counsel. Also before the Court are two unopposed motions to consolidate the above-captioned actions. All parties consent to consolidation.

For the reasons that follow, the Court appoints Lowey Dannenberg, P.C. ("Lowey") and Kirby McInerney, LLP ("Kirby") as interim lead co-counsel for the putative class and consolidates the above-captioned actions.

**I.      Background**

The above putative class action complaints arise out of claims that defendants JPMorgan Chase & Co., J.P. Morgan Securities LLC, J.P. Morgan Clearing Corp. (now known as J.P. Morgan Securities LLC), J.P. Morgan Futures Inc. (now known as J.P. Morgan Securities LLC), and John Does 1–50 (collectively, "JPMorgan"), engaged in "spoofing" of the treasury futures

market in violation of the Commodities Exchange Act, 7 U.S.C. § 1, *et seq.* ("CEA").  Spoofing is a form of trading manipulation that creates a false sense of supply or demand in a market, with the aim of affecting futures prices.  *See Breakwater Trading LLC v. JPMorgan Chase & Co.*, No. 20 Civ. 3515, Dkt. 1 ¶¶ 24–25 (S.D.N.Y. filed May 5, 2020) ("Breakwater Compl."); *Proctor v. JP Morgan Chase & Co.*, No. 20 Civ. 5360, Dkt. 1 ¶¶ 39–40 (S.D.N.Y. filed May 1, 2020) ("Proctor Compl.").[1]

On February 25, 2020, JPMorgan filed its 2019 Form 10-K, in which it disclosed that JPMorgan was responding to requests from the Department of Justice's Criminal Division, among other authorities, relating to JPMorgan's trading practices in financial instruments, including U.S. treasuries.  Breakwater Compl. ¶ 32; Proctor Compl. ¶ 52.  On March 17, 2020, the *Wall Street Journal* reported that JPMorgan was specifically being investigated for treasuries manipulation.  Breakwater Compl. ¶ 33; Proctor Compl. ¶ 53.

On May 1, 2020, Charles Herbert Proctor, III and Synova Asset Management, LLC, represented by Lowey, Kirby, and liaison counsel Cafferty Clobes Meriwether & Sprengel LLP ("Cafferty"), filed the first putative class action in the Northern District of Illinois.  Proctor Compl.  On May 5, 2020, Breakwater, represented by Nussbaum Law Group, P.C. ("NLG"), filed the first putative class action in this District.  Breakwater Compl.  On May 29, 2020, Robert Charles Class A, L.P., represented by Korein Tillery LLC ("Koreain Tillery"), Scott+Scott Attorneys at Law LLP ("Scott+Scott"), and Louis F. Burke PC, filed its putative class action in the Northern District of Illinois.  No. 20 Civ. 5298.  On June 12, 2020, John Grace, represented by Freedman Boyd Hollander Goldberg Urias & Ward P.A. ("Freedman Boyd") and Fine,

---

[1] *Proctor*, among others, was originally filed in the Northern District of Illinois and was transferred to this District on July 9, 2020.  *See* No. 20 Civ. 5360, Dkt. 36.  All case numbers refer to the case numbers designated in the Southern District of New York.

Kaplan and Black, R.P.C., ("Fine, Kaplan, and Black") filed his putative class action in this District. No. 20 Civ. 4523. On June 29, 2020, Thomas Gramatis, represented by Freed Kanner London & Millen, LLC ("Freed Kanner"), filed his putative class action in the Northern District of Illinois. No. 20 Civ. 5918.

On July 8, 2020, with consent of the plaintiffs, JPMorgan moved to transfer the *Proctor* and *Robert Charles Class A* cases from the Northern District of Illinois to this District. No. 20 Civ. 5360, Dkts. 34, 34-1; No. 20 Civ. 5298, Dkts. 33, 33-1. On July 9, 2020, both cases were transferred to this District. No. 20 Civ. 5360, Dkt. 36; No. 20 Civ. 5298, Dkt. 35. On July 9, 2020, Endeavor, represented by Kessler Topaz Meltzer Check LLP ("Kessler Topaz"), filed its putative class action in this District. No. 20 Civ. 5285. On July 10, 2020, with consent of the plaintiffs, JPMorgan moved to transfer the *Gramatis* case from the Northern District of Illinois to this District, *see* No. 20 Civ. 5918, Dkts. 10, 10-1, and the case was transferred on July 29, 2020, *see id.*, Dkt. 14. On July 24, 2020, Budo Trading LLC ("Budo"), represented by Freed Kanner and Scott+Scott, filed its putative class action in this District. No. 20 Civ. 5772.

The Court accepted the assembled cases as related. On August 13, 2020, the Court held a telephonic conference, during which the Court discussed a number of case management issues, including the consolidation of the cases and the appointment of interim lead counsel. At this conference, the parties represented that no party opposed consolidation of the cases, and that plaintiffs' counsel did not anticipate the filing of additional actions. Following the conference, the Court set a briefing schedule for motions for the appointment of interim lead counsel.

On August 21, 2020, the Court received competing motions to appoint NLG and Kessler Topaz, *see* No. 20 Civ. 3515, Dkt. 28 ("NLG/Kessler Mem."), and Lowey and Kirby, *see id.*, Dkt. 30 ("Lowey/Kirby Mem.") as interim lead counsel. The Court also received applications

from other counsel in support of the appointment of Lowey and Kirby as interim lead counsel. *See* No. 20 Civ. 5298, Dkt. 55 ("Scott+Scott Mem."); No. 20 Civ. 5360, Dkt. 49 ("Cafferty Mem."); No. Civ. 5918, Dkt. 30 ("Freed Kanner Mem."). On September 4, 2020, the moving parties filed their responses. No. 20 Civ. 3515, Dkts. 35 ("NLG/Kessler Resp."), 36 ("Lowey/Kirby Resp.").

## II.     Discussion

### A.     Consolidation

Federal Rule of Civil Procedure 42(a) provides that if actions before a court "involve a common question of law or fact," the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay[.]" Courts are "empower[ed]" with "broad discretion" to determine whether to consolidate actions. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "The Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion. In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (citations omitted). "Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson*, 899 F.2d at 1285.

Here all parties consent to the consolidation of the above actions. The Court finds that any prejudice is far outweighed by the benefits in terms of judicial economy that would result from consolidating the actions. Accordingly, the Court grants the motions to consolidate the seven actions.

**B.     Interim Lead Counsel**

**1.     Legal Standard**

Federal Rule of Civil Procedure 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the class." Fed. R. Civ. P. 23(g)(3).  Appointment of interim lead counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."  Manual for Complex Litigation (Fourth) § 21.11 (2004) ("MCL"). "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (citing *In re Air Cargo Shipping Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006)).

Rule 23(g)(1)(A) requires the Court to consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A).  "When more than one choice of counsel satisfies these requirements for adequacy, Rule 23(g)(2) provides that the court 'must appoint the applicant best able to represent the interests of' the plaintiffs." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. at 186 (quoting Fed. R. Civ. P. 23(g)(2)).  However, courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the [putative] class[.]"  Fed. R. Civ. P. 23(g)(1)(B).

### 2.    Application

After consideration of the Rule 23(g) factors, the Court determines that appointing Lowey and Kirby as interim co-lead counsel will best serve the interests of the class prior to resolution of a motion for class certification.

The first factor, counsel's work done to identify or investigate the claims, favors neither application. On May 1, 2020, Lowey and Kirby filed the first action in the Northern District of Illinois. Proctor Compl. On May 5, 2020, NLG filed the first action in this District. Breakwater Compl. Both complaints were filed within a few days of one another; thus, neither application has a significant first-filer advantage. Both the Lowey/Kirby and NLG/Kessler teams represent that they did significant work in investigating, preparing, and prosecuting their respective complaints. *See* Lowey/Kirby Mem. at 5–7; NLG/Kessler Mem. at 6–10, 12. That said, the chronology of events indicates that these cases were not precipitated or dominantly developed through independent investigation. The cases instead were filed after a government investigation into JPMorgan's trading practices with respect to financial instruments, including treasury futures, which JPMorgan disclosed in February 2020 in its 2019 10-K. *See* Breakwater Compl. ¶ 32; Proctor Compl. ¶ 52; Breakwater Mem. at 7. Both complaints further appear to rely on the same public sources, including a complaint in the recent case against JPMorgan for alleged spoofing in a separate market (for precious metals) and the public sources relied on in that complaint. *See In re JPMorgan Precious Metals Spoofing Litig.*, No. 18 Civ. 10356, Dkt. 1 (S.D.N.Y. Nov. 7, 2018); *compare* Proctor Compl., *with* Breakwater Compl.

The second and third factors, which consider counsel's experience in handling class actions and complex litigation and counsel's knowledge of the applicable law, favor appointing the Lowey/Kirby team as interim co-lead counsel. Between Lowey and Kirby, the two firms

have secured the two largest recoveries ever in CEA cases. Lowey/Kirby Mem. at 7. Lowey has a successful track record in securing class certification and settlements in those and similar CEA cases. *Id.* at 7–9. Lowey also has extensive experience in spoofing cases, many of which are also focused on commodities. *Id.* at 10. Lowey is currently serving as sole lead counsel in *In re JPMorgan Precious Metals Spoofing Litig.*, No. 18 Civ. 10356. *Id.* As for Kirby, it has notable experience of its own in commodities cases and futures manipulation. *Id.* at 11–15. Among other matters, Kirby represented individual traders in a silver-futures manipulation case against J.P. Morgan Chase & Co., brought under the Sherman Antitrust Act and initially the CEA, which was long assigned to this Court. *See Wacker v. JP Morgan Chase & Co*, No. 15 Civ. 994 (S.D.N.Y.). Together, the firms have a proven track record in similar cases. To be sure, the NLG/Kessler team, too, has experience and has achieved notable results in complex class action litigation. *See* NLG/Kessler Mem. at 2–4, 13–16 (discussing both NLG's and Kessler Topaz's experience in complex class actions and Ms. Nussbaum's and Mr. Meltzer's personal experience). However, as a result of their shared experience in commodities cases, the Court finds that the Lowey/Kirby team has significantly more experience with the specific market context in which these matters arise, and consequently greater familiarity with the legal issues and defenses most likely to prove central.

      The fourth factor, the resources counsel will dedicate to the class, favors neither application. The Court is confident that both the Lowey/Kirby and the NLG/Kessler teams would dedicate significant time and resources to the representation of the putative class and that both teams have the requisite technical ability to administer the case.

      In determining whom to appoint as interim lead counsel, the Court may also consider factors outside of those enumerated in Rule 23(g)(1)(A). *See* Fed. R. Civ. P. 23(g)(1)(B). The

Court has considered all secondary factors raised by the competing motions, and has identified two as warranting discussion here. One such factor is the identity of the plaintiffs. NLG/Kessler notes that, under the Private Securities Litigation Reform Act ("PSLRA") model for selection of lead counsel, which may offer helpful guidance in non-PSLRA cases, *see* MCL § 21.272, an important factor is whether the plaintiff with the largest economic interest in the case supports the applicant for lead counsel, *see In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 (NRB), 2011 WL 5980198, at *3 (S.D.N.Y. Nov. 29, 2011). NLG/Kessler emphasizes that, among plaintiffs in the consolidated cases, Breakwater and Endeavor had the highest volumes of trading during the putative class period and thus likely have the largest claims. *See* NLG/Kessler Mem. at 11–12; NLG/Kessler Resp. at 4. Mitigating this factor, however, is the fact that Breakwater and Endeavor are no longer active and are winding up. NLG/Kessler Resp. at 6. Hence, to the extent the lead plaintiff may exercise useful input in counsel's strategy, these plaintiffs may be less apt to do so.

On the other side of the equation, plaintiffs Proctor and Synova, who are clients of Lowey and Kirby, also substantially traded in treasury futures during the putative class period. Lowey/Kirby Mem. at 18–19. And plaintiff Budo, represented by Freed Kanner and Scott+Scott, both of which filed memoranda in support of Lowey/Kirby's application for interim co-lead counsel, *see* Freed Kanner Mem.; Scott+Scott Mem., also engaged in high-volume trading during the putative class period, and is still active. Lowey/Kirby Mem. at 19.

The Court's assessment is that, to the extent this factor favors either application, it narrowly favors Lowey/Kirby. Breakwater and Endeavor may prove to have the largest injuries, but the size-of-injury factor, where the competing plaintiffs' stakes are sufficient to motivate each to participate in the litigation, is largely a proxy for determining the likely extent of client

10

engagement in helping counsel set strategy on behalf of the class. Because Breakwater and Endeavor are defunct, they are less likely to do so. In contrast, Budo, which appears to have the largest injury of the still-active trading plaintiffs, favors Lowey/Kirby.

Also potentially bearing on an applicant's fitness to serve as interim class counsel is whether the applicant is supported by counsel for other plaintiffs. An ability to work with other plaintiffs' counsel can benefit the class by permitting interim lead counsel to utilize the talent and resources of other counsel without the need for a formal executive or steering committee. Here, NLG/Kessler receives the support of Freedman Boyd and Fine, Kaplan and Black. *See* NLG/Kessler Mem. at 1 & 1 n.2. Lowey/Kirby, in turn, receives the support of Cafferty, Korein Tillery, Scott+Scott, Freed Kanner, and Louis F. Burke PC, *see* Lowey/Kirby Mem. at 20, and Cafferty, Freed Kanner, and Scott+Scott filed memoranda in support of Lowey/Kirby's application. *See* Cafferty Mem.; Freed Kanner Mem.; Scott+Scott Mem. Lowey/Kirby has also emphasized its willingness to offer NLG a significant role in the case. Lowey/Kirby Mem. at 3 n.5. The Court finds the submissions from Cafferty, Freed Kanner, and Scott+Scott, each experienced in complex class actions in their own right, revealing. These show that Lowey/Kirby has established a good working relationship with most of plaintiffs' counsel.

Attempting to bump its competitor aside, NLG/Kessler suggests that Lowey may be conflicted from representing the putative class in this action as a result of its appointment as sole lead counsel in *In re JPMorgan Precious Metals Spoofing Litig.*, No. 18 Civ. 10356 (S.D.N.Y.), which involves the same defendants and defense counsel. *See* NLG/Kessler Mem. at 18. NLG/Kessler notes that such a conflict may arise when multiple actions "seek recovery for two classes from a common pool of assets" that may be insufficient to satisfy the awards sought by the various actions. *See, e.g., Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 08 Civ. 7281 (JFK),

11

2008 WL 4974839, at *7 (S.D.N.Y. Nov. 24, 2008); *Krim v. pcOrder.com, Inc.*, 210 F.R.D. 581, 590 (W.D. Tex. 2002). Whatever theoretical force that argument has, it is specious here—so much so as to call into question NLG/Kessler's judgment in staking its credibility on such an argument. NLG/Kessler cannot credibly be heard to suggest that JPMorgan would be unable to satisfy awards in both the *Precious Metals* case and the cases at issue here. Accordingly, there is no inherent conflict presented by Lowey's service as lead counsel on both cases. In any event, to the extent that a conflict could theoretically otherwise arise as a result of Lowey's service in both cases, the appointment of Kirby as interim co-lead counsel would permit Kirby to take responsibility over any issues implicated by the conflict. *See In re Interest Rate Swaps Antitrust Litig.*, No. 16 MC 2704 (PAE), 2016 WL 4131846, at *4 (S.D.N.Y. Aug. 3, 2016).

The Court accordingly finds the Lowey/Kirby application the soundest, and appoints those two firms to as interim class counsel.

As to Lowey and Kirby's supporting cast, the Court, after considering the needs of the class and the relative complexity of the case, finds that a formal plaintiffs' committee is not in the best interest of the putative class. A formal committee is "most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." MCL § 10:221. The Court does not find, nor do the parties' submissions argue, that such divergent interests exist here or that a formal committee is necessary. Rather, establishing a committee may result in unnecessary duplication of work. *See, e.g.*, *In re Interest Rate Swaps Antitrust Litig.*, 2016 WL 4131846, at *4 (appointing interim co-lead counsel but not a formal committee); *In re London Silver Fixing, Ltd., Antitrust Litig.*, 14 MD 2573, Dkt. 17 (S.D.N.Y. Nov. 25, 2014) (same); *In re LIBOR-Based Fin. Instruments*

*Antitrust Litig.*, 11 MD 2262, Dkt. 90 (S.D.N.Y. Dec. 22, 2011) (appointing two pairs of interim co-lead counsel to represent two putative classes but not a formal committee).

However, the Court also determines that, to prevent overstaffing and duplicative work, the class would benefit from a pre-designated list of counsel to assist interim co-lead counsel and serve as a "brain trust" upon which interim co-lead counsel can rely. *In re Interest Rate Swaps Antitrust Litig.*, 2016 WL 4131846, at *4. After careful consideration of the submissions, the Court designates NLG, Cafferty, Scott+Scott, and Freed Kanner to serve as pre-designated support.[2]

For avoidance of doubt, the Court's pre-designation does not independently authorize these firms to take any work in the interim on behalf of the putative class. Rather, it authorizes interim co-lead counsel, at its discretion, to delegate work to these firms. Further, this ruling does not preclude Lowey/Kirby from seeking to designate other counsel to assist with tasks on behalf of the putative class that it determines that it and the pre-designated firms are ill-equipped to ably handle. Should interim co-lead counsel wish to utilize other than pre-designated counsel, they are to seek the written approval of the Court, and to provide an explanation of why it is necessary for such counsel to take on any particular task(s).

### III. Order

For the foregoing reasons, it is hereby:

ORDERED that the motions to consolidate the above-captions cases are granted. No. 20 Civ. 3515, Dkts. 27, 29. The above-captioned cases shall proceed under the name *In re*

---

[2] To the extent that that Lowey/Kirby has existing agreements with the pre-designated (or any other) firms regarding division of labor or fee arrangement, Lowey/Kirby is ordered, within one week of this decision, to file those proposed agreements for the Court promptly to examine. The Court's pre-designation of these firms is contingent on its review of any such agreements.

*JPMorgan Treasury Futures Spoofing Litig.* and under the case number 20 Civ. 3515.  In light of the consolidation, the Clerk of Court is respectfully directed to close the other above-captioned cases.

ORDERED that the motion to appoint Lowey and Kirby as Interim Co-Lead Counsel for the putative class, No. 20 Civ. 3515, Dkt. 29, is granted.[3]  Lowey and Kirby shall be responsible for the overall conduct of the litigation on behalf of the putative class of investor plaintiffs, including providing supervision of all class plaintiffs' counsel in this litigation.  As interim co-lead counsel, Lowey and Kirby have the authority to:

a. Promote the efficient conduct of this litigation and avoid unnecessary duplication and unproductive efforts by making and supervising all work assignments;

b. Prepare and file the Consolidated Class Complaint on behalf of the putative class, and any subsequent pleadings;

c. Make, brief, and argue motions;

d. Conduct all pretrial, trial, and post-trial proceedings on behalf of the putative class and act as a spokesperson for the putative class;

e. Conduct or coordinate discovery on behalf of the putative class consistent with the Federal Rules of Civil Procedure, including preparation (or responses to) written discovery requests and examination (or defense) of witnesses in depositions;

f. Monitor activities of the plaintiffs' counsel to whom they delegate work and implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided by collecting from each firm regular time and expense reports;

g. Negotiate with defense counsel with respect to settlement and other matters;

h. Prepare any application for an award (or approval) of fees and reimbursement of expenses incurred by the putative class;

---

[3] Identical motions to appoint Lowey/Kirby as interim co-lead counsel are also pending at No. 20 Civ. 5298, Dkt. 51; No. Civ. 5285, Dkt. 24; No. 20 Civ. 5360, Dkt. 45; No. 20 Civ. 5772, Dkt. 22; No. 20 Civ. 4523, Dkt. 25; and No. 20 Civ. 5918, Dkt. 26.

    i.       Consult with and retain expert witnesses for the putative class;

    j.       Negotiate with, retain, and manage relations with outside vendor(s) for the collection, processing, or review of documents and electronically stored information produced in discovery;

    k.      Conduct or coordinate all negotiations with defense counsel regarding search and production protocols, manage the review of documents produced by defendants and third parties (and production of documents by the putative class plaintiffs), and implement advanced analytics for the efficient review of documents as appropriate;

    l.       Coordinate and communicate as necessary with counsel for other parties in the litigation regarding any matters addressed in this Order in order to ensure efficient use of plaintiffs', defendants', and the Court's time;

    m.     Ensure that all plaintiffs' counsel and plaintiffs are informed of the progress of this litigation as necessary; and

    n.      Otherwise coordinate the work of plaintiffs' counsel and perform such other duties as Interim Co-Lead Counsel deem necessary and appropriate based upon their judgment and consideration or as authorized by further Order of the Court.

It is further ORDERED that Interim Co-Lead Counsel may not delegate its responsibilities or assign legal work to other law firms without the prior approval of the Court, except that the Court hereby pre-approves such delegation of responsibilities to NLG, Cafferty, Scott+Scott, and Freed Kanner. Court approval of assignments to these four firms is not required. The decision of when to draw on the resources and expertise of other law firms is left to the sole discretion of the Interim Co-Lead Counsel. No firm to which Interim Co-Lead Counsel delegates responsibility may further sub-delegate the work without the prior approval of Interim Co-Lead Counsel and the Court.

It is further ORDERED that the motions by NLG/Kessler for appointment as interim lead counsel are denied: No. 20 Civ. 3515, Dkt. 27; No. 20 Civ. 5285, Dkt. 22; and No. 20 Civ. 4523, Dkt. 23.

The Clerk of Court is respectfully directed to terminate the following pending motions as moot: No. 20 Civ. 5298, Dkt. 37; No. 20 Civ. 5285, Dkt. 7; and No. 20 Civ. 5360, Dkt. 38.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 9, 2020
      New York, New York